UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEPHANIE KING,

    Plaintiff,

v.

UNITED HEALTHCARE SERVICES, INC., et al.,

    Defendants.

Case No. 2:25-cv-01571-GMN-NJK

Order

[Docket No. 23]

Pending before the Court is the parties' stipulation to extend case management deadlines. Docket No. 23.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension

request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

This is the parties' second request for an extension. Docket No. 23; *see also* Docket No. 21. In the instant stipulation, the parties request a 45-day extension of case management deadlines. Docket No. 23. The parties submit that an extension is warranted because the parties need additional time to confer on the parameters of Plaintiff's Rule 35 examination, and experts will need additional time to write their reports. *Id.* at 3-4. However, the parties' previous stipulation also requested additional time to confer about Plaintiff's Rule 35 examination, and the instant stipulation fails to propose a schedule for completing the examination and other remaining discovery. Docket No. 21 at 3; *see also* Local Rule 26-3(d).

Nonetheless, in the interest of resolving this case on its merits and as a one-time courtesy to the parties, the Court finds that good cause exists for a 30-day extension of the subject deadlines. Accordingly, the Court **GRANTS** in part and **DENIES** in part the stipulation and **RESETS** case management deadlines as follows:

- Rebuttal experts:  June 7, 2026
- Discovery cutoff:  July 8, 2026
- Dispositive motions:  August 7, 2026
- Pretrial order:  September 7, 2026, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: April 16, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).